## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Trinidad Jesus Garcia,                                    Civ. No. 16-4015 (DWF/BRT)

                    Plaintiff,

v.                                                        **REPORT AND RECOMMENDATION**

MEND Medical Services; Gwen Blossom;
Michelle Skroch; Aramark Food Services;
Sherburne County Jail; Jail Administrator
Brian Frank; and U.S. Marshals Service,

                    Defendants.

---

Plaintiff Trinidad Jesus Garcia brought this action alleging violations of his constitutional rights by the named defendants. Garcia did not pay the required filing fee for this lawsuit, but instead applied for *in forma pauperis* ("IFP") status. Because Garcia is a prisoner, his IFP application is subject to the requirements of 28 U.S.C. § 1915(b), which provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —

>> (A) the average monthly deposits to the prisoner's account; or

>> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

(3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . .

(4) In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

Based on the financial information provided in Garcia's IFP application, this Court ordered that Garcia pay an initial partial filing fee of $8.00. *See* Doc. No. 5. Garcia has since attested that he is unable to pay this initial partial filing fee, as his prison trust account is in substantial arrears due to unavoidable expenses. *See* Doc. No. 6. Based on Garcia's representations, this Court concludes that Garcia "has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Accordingly, the requirement that Garcia pay an initial partial filing fee will be waived in this case.

Although this Court concludes that Garcia qualifies financially for IFP status, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's

favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Garcia, a detainee at the Sherburne County Jail, raises several claims related to the conditions of his confinement. First, Garcia alleges that he fell and suffered several injuries as a result of a negligently maintained shower. Second, Garcia alleges that both the injuries from that fall and other unrelated medical and dental problems have gone either untreated or insufficiently treated during his period of detention. Third, Garcia alleges that defendant Aramark Food Services has "serve[d] the defendant less than quality meals at breakfast, lunch and dinner for more than a one year period . . . ." Am. Compl. at 2 (Doc. No. 7). Fourth, Garcia alleges that the Sherburne County Jail has instituted policies that violate the Prison Rape Elimination Act of 2003 ("PREA"), 42 U.S.C. § 15601 et seq. Fifth and finally, Garcia alleges that jail officials have been unresponsive to grievances that he has submitted about the above-listed complaints. Much of Garcia's amended complaint is not viable. Accordingly, this Court will recommend that those non-viable aspects of the amended complaint be summarily

3

dismissed. By separate order, this Court will grant Garcia's IFP application and order that service of process be effected with respect to the remaining claims and defendants.

As an initial matter, Sherburne County Jail is not an entity amenable to suit. *See De La Garza v. Kandiyohi County Jail*, 18 Fed. App'x 436 (8th Cir. 2001). Any claims brought against the jail itself—as opposed to employees or officers of the jail, or the governmental entity that operates the jail—should be dismissed at the outset of this action.

With respect to Garcia's substantive claims for relief: the sole claim raised as to defendant Aramark Food Services relates to the quality of the meals served at Sherburne County Jail "[P]risoners have a right to nutritionally adequate food." *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). Garcia does not allege, however, that the meals served by Aramark Food Services were nutritionally inadequate. Instead, Garcia alleges only that the meals were "less than quality." Am. Compl. at 2. But the fact that Garcia is dissatisfied with the food provided to him while incarcerated does not mean that he has been deprived of his constitutional rights. Garcia does not offer any concrete factual allegations which, if proved true, would show that the food service provided by Aramark Food Services falls below the constitutional standard.[1] Accordingly, this claim should be dismissed.

---

[1] In his original complaint, Garcia alleged that the meals were unsatisfactory because they were cold. But the Eighth Circuit has labeled as frivolous the claim that a prisoner's constitutional rights are violated when served cold food. *See Brown-El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992). This allegation is not included in the amended complaint, but even if it were, this would not be a sufficient basis for maintaining a constitutional claim against Aramark Food Services.

4

Garcia's PREA claim also should be dismissed. The PREA did not create a private right of action, *see LeMasters v. Fabian*, No. 09-0702 (DSD/AJB), 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) (collecting cases), and the actions described by Garcia in the amended complaint which are alleged to have violated the PREA—specifically, that jail staff members do not announce their presence each time they enter a living unit housing inmates of the opposite gender—do not amount to constitutional violations independently actionable under 42 U.S.C. § 1983.

Finally, Garcia claims that the Sherburne County Jail grievance procedure is constitutionally inadequate. "[A jail] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (quotation omitted). The denial of grievances, or a failure to process grievances in accordance with jail policy, without further allegation of wrongdoing, is not actionable under § 1983. This claim too should be dismissed.

Although this Court has recommended dismissal of much of Garcia's complaint, two claims remain: (1) Garcia's claim against Sherburne County Jail administrator Brian Frank that a negligently maintained shower led to physical injuries; and (2) Garcia's deliberate-indifference claims against MEND Medical Services, Gwen Blossom, and Michelle Skroch. This Court will grant Garcia's IFP application and allow this matter to proceed with respect to those claims. As set forth above, it is recommended that the remainder of this lawsuit be summarily dismissed.

5

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.      Defendants Aramark Food Services, Sherburne County Jail, and U.S. Marshal Service be **SUMMARILY DISMISSED** from this action.

2.      The following claims be **SUMMARILY DISMISSED**:

    a.      Garcia's claim that the food provided at Sherburne County Jail is constitutionally inadequate.

    b.      Garcia's claims under the Prison Rape Elimination Act of 2003.

    c.      Garcia's claim regarding the grievance procedures at Sherburne County Jail.

Dated: April 7, 2017                    *s/ Becky R. Thorson*
                                        BECKY R. THORSON
                                        United States Magistrate Judge

## <u>NOTICE</u>

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report

and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.