UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Trinidad Jesus Garcia, | Civ. No. 16-4015 (DWF/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MEND Medical Services; Gwen Blossom; and Jail Administrator Brian Frank, | |
| Defendants. | |

---

Trinidad Jesus Garcia, #18826-041, PO Box 1000, Leavenworth KS 66048, *pro se* Plaintiff.

Jason M. Hill, Esq., and Joseph E. Flynn, Esq., Jardine, Logan & O'Brien, PLLP, Counsel for Defendants.

---

BECKY R. THORSON, United States Magistrate Judge.

*Pro se* Plaintiff Trinidad Jesus Garcia alleges that he fell and injured himself due to a negligently-maintained shower at Sherburne County Jail. (Doc. No. 43, Am. Compl. 4.) Defendant Sherburne County Jail Administrator Brian Frank moves for judgment on the pleadings on this claim. (Doc. No. 44.) For the reasons stated below, this Court recommends that Defendant's motion be granted.

## BACKGROUND

On April 7, 2017, this Court issued a Report and Recommendation that recommended the dismissal of various defendants and claims in this action. (Doc. No. 8, 4/7/17 Report and Recommendation ("R&R") 6.) The Court also granted Plaintiff's

application to proceed *in forma pauperis* with respect to the following claims: (1) Garcia's claim against Sherburne County Jail administrator Brian Frank that a negligently maintained shower led to physical injuries; and (2) Garcia's deliberate-indifference claims against MEND Medical Services, Gwen Blossom, and Michelle Skroch. (R&R 5.) United States District Judge Donovan W. Frank adopted this Court's R&R on May 11, 2017. (Doc. No. 15.)

On August 21, 2017, Plaintiff filed an Amended Complaint. (Doc. No. 43, Am. Compl.) Plaintiff's Amended Complaint removes Skroch as a Defendant, but his allegations against Defendant Frank are largely unchanged. (*Id.*) They are as follows:

> In regards to a specific incident that occur[r]ed on November 25th, 2016 at approximately 9:05 P.M. in Delta South Unit, I fell and hit my head, injured my neck, my right arm, my left lower back and my right shoulder.
>
> This was due to negligence and failure to repair shower number D3S3 right by my room in a timely manner where water comes out of the shower and pools up near my door. I am in pain due to this fall and may very well have ongoing serious pain and medical issues in the future due to this fall.

(Am. Compl. 2.) Plaintiff alleges that Defendants MEND and Blossom were deliberately indifferent to a variety of medical concerns, including an injured ankle and dental issues due to pulled teeth, dentures, and hurt gums. (*Id.*) Plaintiff also alleges that MEND misdiagnosed an eye issue, causing him to have unnecessary surgery on his right eye. (*Id.* at 3.)

## ANALYSIS

Defendant argues that Plaintiff's allegations fail to state an actionable claim for relief under Section 1983, and that the Court should not exercise jurisdiction over

2

Plaintiff's supplemental state law negligence claim. (Doc. No. 46, Def.' Mem. of Law in Supp. of Mot. for J. on the Pleadings ("Def.'s Mem.") 6–14.) Plaintiff argues that the Court can exercise jurisdiction because he is a federal prisoner in a federal prison facility. (Doc. No. 63, Pl.'s Mem. 2.) Plaintiff also argues that fact issues should preclude judgment on the pleadings. (*Id.* at 2–4.)

I.  **Standard of Review**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Because Defendant Frank filed this motion before he answered the operative complaint in this matter—Plaintiff's August 21, 2017 Amended Complaint— Defendant's motion is not a motion for judgment on the pleadings. (*See* Doc. Nos. 43, 44.)[1] The distinction is not relevant, however, because the "same standards that govern motions to dismiss under Rule 12(b)(6) also govern motions for judgment on the pleadings under Rule 12(c)." *Ellis v. City of Minneapolis*, 860 F.3d 1106, 1109 (8th Cir. 2017). To survive such a motion, Plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts are not required to accept as true legal conclusions "couched as . . . factual allegations" in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare

---

[1] On September 5, 2017, Defendant Frank filed a response to Plaintiff's August 21, 2017 Amended Complaint, arguing that the Amended Complaint should be rejected on futility grounds. (*See* Doc. No. 51.) On November 9, 2017, the Court issued an Order that construed Plaintiff's Amended Complaint as a motion for leave to amend, denied Plaintiff's motion with respect to his attempt to state a claim against Sherburne County, and granted Plaintiff's motion in all other respects. (*See* Doc. No. 75.)

3

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Courts do, however, "take the plaintiff's factual allegations as true." *Braden v. Wall-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). The plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678.

## II.     Plaintiff's Complaint Fails to State an Eighth Amendment Claim

To prevail on a conditions-of-confinement claim under the Eighth Amendment, an inmate must show: (1) the condition was serious enough to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmate's health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). In order to support such a violation, a plaintiff must prove "both an objective element, which asks whether the deprivation was sufficiently serious, and a subjective element, which asks whether the defendant officials acted with a sufficiently culpable state of mind." *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). Plaintiff must show "more than negligence, more even than gross negligence." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008). This is because deliberate indifference is "akin to criminal recklessness, which demands more than negligent misconduct." *Id.*

Courts in this and other jurisdictions have held that wet or slippery floors do not give rise to an actionable claim for prisoners under the Eighth Amendment. *See Baez v. Rosemack*, Civil No. 09-2121 (RHK/LIB), 2011 WL 4062586, at *8 (D. Minn. Aug. 9, 2011) (collecting cases). "Generally, courts conclude that slippery or wet floors do not pose a substantial risk of serious harm in violation of the United States Constitution.

Undoubtedly, slippery floors can cause serious injuries, but they also 'constitute a daily risk faced by members of the public at large.'" *Id.* (quoting *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004)). For example, in *Roblero-Barrios v. Ludeman*, Civil No. 07-4101 (MJD/FLN), 2008 WL 4838726 (D. Minn. Nov. 5, 2008), the plaintiff alleged that he slipped and fell on a wet floor, which was not marked by a wet floor sign, and that the prison facility used a wax that became slippery and dangerous when wet. *Id.* at *2–3. The court dismissed this claim because "slippery or wet floors do not pose a substantial risk of serious harm in violation of the Eighth Amendment. Even where the wet floors were unmarked and defendants were aware of the slippery conditions, the failure to prevent injury or post wet floor signs does not rise above negligence, and is not a constitutional violation." *Id.* at *8. For the same reasons, Plaintiff cannot prove an Eighth Amendment violation based on a claim that he slipped and fell on a wet floor.[2]

## III.  The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Negligence Claim

While Plaintiff cannot state an Eighth Amendment claim against Defendant Frank, his allegations regarding his slip and fall could form the basis for an actionable negligence claim under Minnesota state law. The Court can retain jurisdiction over this claim if it is "so related" to Plaintiff's remaining claims against Defendants MEND and

---

[2]  On November 6, 2017, Plaintiff filed an additional response to Defendant's motion. (Doc. No. 70.) Plaintiff argues that Defendant's motion should be denied because he is attempting to obtain discovery that will show maintenance knew that water was pooling outside the shower near his door "several months" before his injury. (*Id.* at 2.) Such evidence (or allegations added to the Amended Complaint) would not alter the foregoing analysis that Plaintiff failed to state an Eighth Amendment conditions of confinement claim.

Blossom, such that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Here, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim because it is not part of the same case or controversy as Plaintiff's remaining federal claims.

Claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." *Myers v. Richland Cnty.*, 429 F.3d 740, 746 (8th Cir. 2005) (citing *City of Chi. V. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997)). Plaintiff's claim that he slipped and fell on a wet floor does not derive from the same facts that underlie Plaintiff's claims against Defendants MEND and Blossom for being deliberately indifferent to his various medical issues—issues that are unrelated to the injuries he sustained due to his fall. Put another way, there is no "discernable overlap" between the claims. *Bondi v. Great So. Bank*, Case No. 16-cv-1282 (PAM/BRT), 2017 WL 2345664, at *1 (D. Minn. May 30, 2017). Therefore, the Court should dismiss Plaintiff's state and federal law claims against Defendant Frank.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion for Judgment on the Pleadings **(Doc. No. 44)** be **GRANTED**.

Dated: November 17, 2017.         *s/ Becky R. Thorson*
                                   BECKY R. THORSON
                                   United States Magistrate Judge

6

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).